NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL L. RHYMES, AKA Primetime, | No. 20-15183 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00592-RCJ-CLB |
| v. | |
| DWIGHT NEVEN, Warden; CYNTHIA SABLINCA, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| ARANAS, Dr.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Michael L. Rhymes appeals pro se from the district court's judgment as a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

matter of law under Federal Rule of Civil Procedure 50(a) in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Dees v. County of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020). We affirm.

The district court did not err by granting defendants' Rule 50(a) motion. A review of the record shows that Rhymes failed to provide a legally sufficient evidentiary basis for a jury to conclude that defendants were personally involved in any constitutional violation or whether there was a causal connection between defendants' conduct and any such violation. *See* Fed. R. Civ. P. 50(a); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (citation and internal quotation marks omitted)).

**AFFIRMED.**